The next case today is Gretchen Laureano-Quinones versus Dr. Richard Nadal-Carrion. Appeal number 191139. Attorney Alvarado, please proceed with your argument. Good morning honorable judges of the first secret court of appeals. I'm attorney Hector Alvarado representing the appellant. This case was filed based on three different causes of action within the scope of medical malpractice. The first one, based on negligence on deviation from the standard procedure of an abdomenoplasty. This cause of action was eliminated by the court when the expert witness was eliminated. Second, lack of informed consent to perform the abdomenoplasty. And third, abandonment of the patient by defendant when a follow-up operation was to be performed to correct the bad results of a real abdomenoplastic surgery after he gave plaintiff a document which the court considered to be a waiver when it was not. The causes of action for lack of informed consent and abandonment were, with all respect, in our humble opinion, dismissed by the district court based on the fact that the expert witness had been eliminated and plaintiff could not prove her causes of action. We respectfully consider that decision to be a manifest error of justice. The honorable magistrate also expressed in her opinion and order that she could not determine that there was a causal nexus between the alleged lack of informed consent and plaintiff's damages. Therefore, with all respect, in our humble opinion, the court made a great mistake because when plaintiff was asked in her deposition that if she would have been informed that she could end up with too many buttons, if she would have given the consent to the operation, she answered negative. Therefore, the causal relationship of the cause of action of informed consent materialized. The expert witness was needed to prove the cause of action pertaining to the negligence based on the deviation from the standard procedure of the abdominoplasty. However, it was not needed to prove the other two causes of action. The district court established in its opinion that it was undisputed that plaintiff Lauriano signed the consent form for the original operation. Plaintiff Lauriano signed the consent form, but in such document there's no place whatsoever that explained to her in layman's terms that she could end up with scars resembling two belly buttons. The information in such concern was not adequate. In counter-verbal suspense, a living case in the matter of informed consent, the following was established. Regarding considerations, a decision distilled, however, is that medical facts are for medical experts and other facts are for any witnesses, expert or not, having sufficient knowledge and non-disclosure cases do not reside particularly within medical domain. As this honorable court can observe, according to counter-verbal suspense, plaintiff did not need an expert witness to prove her case against defendant for lack of informed consent. We will now respectfully refer this honorable first circuit court of appeals to regulation number 7617 of November 21st, 2008, as approved by the Secretary of State, which is a regulation to charter the rights and responsibilities of the patient of Puerto Rico. You can find that in the appendix, pages 585 to 589, which also comprises the established written law in Puerto Rico as to lack of informed consent. In it, this honorable court will find the requirements that the doctor has to fulfill when obtaining an informed consent in order to perform any kind of medical procedure. The regulation also expresses in paragraph 7, the right of patient to obtain or get a second opinion with another professional piece of her release of service honorable first circuit court of appeals that defendant did not fully comply with this requirement either because he never informed the patient of that right as contained in the informed consent form signed by plaintiff. In the consent form signed by plaintiff, I never allowed plaintiff's request to have a plastic surgeon present in the operations to mitigate her damages. Additionally, defendant made an alteration to the drawing performing to exhibit to a relate pertaining to exhibit to a plaintiff's affidavit statement of uncontested facts. In that picture, there was no vertical line of existence of any button. That was the picture of the operation that the plaintiff consented to, not another one. You can find it in the inducted 93, appendix 92 of plaintiff's statement of uncontested fact. If these honorable first circuit court of appeals were to compare those two photos, and there with the other one as exhibit 97.4 of defendant uncontested material, this honorable court will definitely find that the photo in exhibit six demonstrated a photo that has a vertical line over the original belly button, which definitely proved that the photo was altered. With the utmost respect that this honorable court deserves. Yes, sir. Plaintiff has the following question. How can a court of law grant a motion for summary judgment that contains an alteration in the most important photograph relating to the lack of informed consent when there still exists a controversy of facts over those photographs? And finally, we will now discuss the issue of abandonment. This will occur when the defendant gave plaintiff an additional document for her to sign, or else it would not perform the corrective procedure. The honorable district court considered the document as a waiver when it was clearly not. Respectfully, we believe this to be an extortion. We sincerely believe that this type of abandonment comprises a novel issue. Nevertheless, it is an important one that should be solved by the courts, because if this honorable court thoroughly examines the document, with all respect, we sincerely believe they didn't realize that said document is not a waiver prior to a proposed operation. But it really has to do with the previous operation where plaintiffs obtained the already mentioned and desired results. In such document, imposing upon plaintiff Laureano, the admission that the previous procedure was performed successfully without complications, and that she recovered smoothly and with acceptable scars, when clearly that was not the case, or else it would not perform the operation. In that document, defendant attorney is trying to impose on plaintiff terms that she could not accept because of the bad results obtained. With the utmost and greatest respect, we ask this honorable court, how could that document be when everything that it contains gives the impression of being an extortion in violation of the mentioned regulation? Three times afterwards, plaintiff unsuccessfully tried to get to defendant to give her an operation to mitigate the damages, but defendant made it impossible. After the mention of abandonment, when her lawyers got to the waiver and send it to defendant to sign, he alleged that his insurance company did not approve of such corrective surgery. Posteriorly, in a document submitted to the insurance commissioner by cement, they expressed that neither them nor their lawyers told defendant not to approve the operations. Since plaintiff could not accept the imposing obligation placed upon her by defendant, it was understandable that there was not going to be any operation and therefore she did not go to the hospital. Now, who really abandoned who? Since the operation was not performed due to the imposition by defendant, we can logically conclude that it was him who really abandoned plaintiff Laviano. Finally, in his brief, defendant never justified why he never informed plaintiff of the great risk of ending with two scars resembling two belly buttons so that she, as a potent patient, could make a sound decision on whether she would consent to the operation. And defendant never justified why he gave the mentioned document for plaintiff to sign when it was known to be a violation of regulation 7617. As far as defendant's allegations against plaintiff's motion for reconservation, requesting to set aside the judgment and a new trial after non-jury trial has taken place because he did not satisfy the state law, this honorable court should consider the following. Despite the fact that the motion under Rule 59A2 was considered as Rule 60B that had to do with setting aside federal judgment, being entirely a matter of federal law, it has been decided that state law may be disregarded. In conclusion, your honors, defendant did not obtain the informed consent for the first abdominal plastic surgery according to Canterbury versus Penn because defendant did not place the plaintiff in a position where she could give the proper consent. He never justified why he did not explain the possible results of two belly buttons and later on defendant committed the atrocious action of giving plaintiff a document to accept facts that were not true or else he would not perform the required corrective surgery for the mitigation of damages. By such actions, defendant violated regulation 7617B and also lied when he expressed that in the last attempt of plaintiff to mitigate damages with a further corrective action, he alleged that cement did not approve it and that was the reason why he did not send the women prepared by plaintiff when it was not. Taking into consideration the fact exposed, we respectfully request from the court to revoke the court's decision to dismiss this case. Thank you. We'll hear from Ms. Lopez de Victoria now. Yes, good afternoon. This is attorney Jeanette Lopez de Victoria and I represent the appellee Dr. Richard Nadal. The basic problem with the appellant's argument is that they consider both informed consent and patient abandonment to be standalone claims that don't require expert testimony. That contention is incorrect. As it pertains to both or either one of those causes of actions, each requires a plaintiff to present expert testimony to establish not only the standard of care but also causation. In the context of a case where informed consent is alleged, the case law from Puerto Rico as affirmed by the first circuit court of appeals in the case of Santana Concepcion versus Rosado, I'm sorry, versus Clinica del Turabo, the perspective for determining whether an informed consent has been given is from the perspective of the physician and not the patient. So, in that regard, expert testimony is required for a, in this case, a plastic surgeon to provide testimony and opinions regarding what was the appropriate information to give to the patient for purposes of the surgery. Counsel, I thought the magistrate judge opinion did not actually rely on the need for expert testimony as to the informed consent, but said if I review all of the evidence, there is no issue of fact that the doctor failed to give her adequate information. He, in fact, did give adequate information. The signed consent form was put into the record. The drawing was put into the record. I understood that that actually was the more important point of the ruling on against the informed consent claim. Am I wrong about that? No, I would say that you're correct, and I would have to confess that your feed froze up a little bit, so I didn't hear the first part of your comment. Okay. That the district court did not rely on the proposition that expert testimony is always required under Puerto Rican law for informed consent. That the district court, in entering summary judgment, instead looked at all of the evidence and said the information provided was adequate to support informed consent, and that's what I said to you. Am I correct in my reading of the district court, and you said, yes, I was correct? Yes, I would agree that you were correct, although I think you'd have to also go then to the district court's opinion denying the motion for reconsideration, where she did go into a little bit more detail as far as why there was a need for expert testimony with regards to the informed consent claim. So, that would be a no. Oh, go ahead. So, we have different standards of review, actually, for denial of reconsideration and denial of summary judgment, correct? Correct, yes. All right. What is your separate argument as to why the denial of reconsideration was not an abuse of the court's discretion? It was not an abuse of the court's discretion because the arguments that were raised on reconsideration were essentially rehashing of what had been argued, not only in opposition to Dr. Nadal's motion for summary judgment, but also in plaintiff's motion for summary judgment, which isn't even a part of this appeal. All of those plaintiffs conflated their motion for summary judgment with the defendant's motion summary judgment and basically rehashed arguments which had already been made. The only new argument which was raised, and it was not until their motion for reconsideration, was the one pertaining to the regulation 7617, which that was not raised in any of the summary judgment briefings prior to that final motion for reconsideration. And even so, if you read the text of that regulation 7617, it is basically a codification of the informed consent doctrine as it's been interpreted here in Puerto Rico. Okay. Okay. With regards to... Judge Barron. Before you move up that issue, I understand the argument, particularly in the denial of the motion for reconsideration, that in light of the information that was given to the patient, she could not make out the claim of negligence based on informed consent absent expert testimony saying that what was given wasn't enough. I'm a little more puzzled by how to think about the district court's prior ruling before the I don't fully understand what the district court was saying. Was the district court saying that no expert testimony could demonstrate that there was a lack of informed consent? No. What she was saying essentially... Yeah. What she was basically saying was that an expert witness, a plastic surgeon, what is necessary in order to provide the court and the jury of the case, assuming that the case were to go to the jury, with the information that a provided... Does that mean that the way you read both the initial district court decision and the denial of the motion for reconsideration is that each are really only rulings that are rejecting it based on the absence of expert evidence to support plaintiff's claim? I agree with that. I do agree with that. I think she recognized, even though it's not stated, she focuses more on just the negligence, the medical malpractice, let's say the just straight medical malpractice claim, she focuses more on her opinion. But in that opinion having to do with the reconsideration, she does go into a little bit more detail as far as the lack of informed consent. And when she decides the initial one, she's already made the decision there's no expert on the plaintiff's side to provide any support for any of these claims. That's correct. I think she just, you know, based on her ruling that an expert was required she determined that under any of the modalities of medical malpractice, the plaintiff was simply going to be unable to prove her case by a preponderance of the evidence. The plaintiff in his briefing says it is clear under Puerto Rican law that to make out an informed consent case, you do not need an expert witness. What is your response to that? My response to that is that actually he doesn't cite any Puerto Rican law and even in his argument now, you heard he was relying on Canterbury versus Spence. There's two lines of cases in all the jurisdictions in the United States regarding informed consent. One views the informed consent from the perspective of the patient. So if you have a patient that says, if I had known that I could have had this result or this consequence, I would not have consented to the procedure or the operation. There's another line of cases which views the informed consent from the perspective of the physician and that is what applies in Puerto Rico. And there's actually a very detailed discussion of those two different perspectives and the one that's followed by Puerto Rico in the Santana Concepcion case. And in that Pamzana Concepcion case, does it say once you take the point of view of the doctor, you need an expert? The case actually does say that you need an expert to prove the information that was reasonable to be given to the patient. And that is from the physician's point of view. It's not from the patient's point of view. And if you look, if you read the Canterbury versus Spence case, which isn't even a case from Puerto Rico, I don't recall exactly what jurisdiction it's from. And even most of the case law that the appellant cites in her brief is case law from the United States, which is just not dispositive on the issue. There's a significant body of law from Puerto Rico that discusses the modality of informed consent. And when the court says he cites a reference in one of the cases that says that you don't need to prove a separate negligent act. And what that is referring to is in a case where you could have, let's say, you have a person who gives a limited scope or limited consent for, let's say, an appendectomy. When the surgeon is doing the appendectomy, he sees that there's a tumor on another organ and he removes it. He exceeded his consent because he went beyond what it was that the patient consented to, but there's no medical malpractice in the sense that the patient recovered well and actually benefited from the surgery. That's where here Puerto Rico courts recognize that the lack of informed consent could be a standalone cause of action in a situation, as just an example, but in that type of situation. But it would still require an expert to, let's say, provide testimony or provide opinions saying in this context, we would have included a sentence saying if during the course of the surgery, we see any other problem, we'll remove it or this, that or the other thing. With regards to abandonment, patient abandonment, that's a cause of action or modality of medical malpractice that is not really well developed in Puerto Rico law. But the case law from other jurisdictions usually requires that it be, or that it involves the termination of the physician-patient relationship at a critical point where there is, let's say, necessary treatment that has to be provided and whatnot. That is not the case here. First of all, it is also a modality as the district court pointed out that would require expert testimony to know in this case, since we're dealing with a patient who was dissatisfied with the outcome of a surgery, you would need an expert to provide testimony or opinions as to what was the appropriate postoperative treatment and or what were the conditions necessary for a revision surgery. That didn't happen here. The procedure was not medically necessary. This was a cosmetic surgery that the patient voluntarily submitted to and basically was just discontent with the outcome of the procedure. In any event, the lack of an expert in this case was, I guess, fatal to all three causes of action and it would be required, expert testimony would be required to prove both the informed consent and the abandonment theories. And so we would move the court to affirm the district court as far as its opinion is concerned. If any of the judges have any further questions, I'd be glad to answer. I asked my colleagues whether they have any questions. Thank you very much. Thank you very much.